Humberto M. Guizar, Esq., (SBN 125769); herito@aol.com
Kent M. Henderson (SBN 139530); hendolaw@gmail.com
Angel Carrazco, Jr. (SBN 230845); angel@carrazcolaw.com
GUIZAR, HENDERSON & CARRAZCO, L.L.P.
18301 Irvine Boulevard
Tustin, CA 92780
Telephone No.: (714) 541-8600
Facsimile No.: (714) 541-8601

Attorneys for Plaintiffs,
Minor AG, through her Guardian Ad Litem
Laren Turner; Estate of Francisco Garcia;
Merardo Garcia Medina; Maria Luz Ruiz

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINOR AG, individually, and as successor in interest to decedent FRANCISCO GARCIA, by and Through her Guardian Ad Litem, LAREN TURNER; ESTATE OF FRANCISCO GARCIA; MERARDO GARCIA MEDINA; MARIA LUZ RUIZ,<br><br>              Plaintiff<br><br>       v.<br><br>COUNTY OF LOS ANGELES, LUKE LIU, and DOES 2 through 10, inclusive,<br><br>            Defendants<br><br>_____ | **CASE NO.:**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Excessive Force and Denial of Medical Care (42 U.S.C. § 1983);<br>2. Substantive Due Process (42 U.S.C. § 1983);<br>3. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983);<br>4. Battery (Wrongful Death)<br>5. Negligence (Wrongful Death)<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT FOR DAMAGES

1.    Plaintiffs A.G., a minor child, individually, and as successor in interest to decedent Francisco Garcia, by and through her Guardian Ad Litem, Laren Turner;

Estate of Francisco Garcia; Merardo Garcia Medina and Maria Luz Ruiz; individually in their Complaint against Defendants COUNTY OF LOS ANGELES (hereinafter also sometimes referred to as, "COUNTY" or "County" or "COLA"); Deputy LUKE LIU, DOES 1 THROUGH 10, inclusive (collectively "Defendants"), allege as follows:

## INTRODUCTION

2.     This civil rights action seeks compensatory and punitive damages from individual deputy sheriffs, from senior sheriff's department officials, and from the County of Los Angeles for violation of fundamental rights under the United States Constitution and state law in connection with the brutal police shooting and killing of Francisco Garcia on February 24, 2016.  Decedent Francisco Garcia was shot dead by Defendant Deputy LUKE LIU on February 24, 2016.

3.     DECEDENT Francisco Garcia is but one of many recent victims of a disturbing trend featuring unarmed citizens shot dead by sheriff deputies employed by the County of Los Angeles.  Rather than take measures to address the staggering epidemic and wave of such shootings, such as holding the culprits accountable, local authorities have fomented a culture pursuant to which individual deputies and their supervisors look the other way when such shootings take place and when deputies involved fabricate stories that purport to justify the shootings.  There have been numerous shootings per year every year by COUNTY OF LOS ANGELES Sheriff Deputies who shoot and kill unarmed persons who have fired no shots, including from 2007 through the date of the shooting of DECEDENT Francisco Garcia.  From at least 2007 through the date of the shooting of DECEDENT Francisco Garcia, Defendant COUNTY OF LOS ANGELES has maintained a custom, policy and practice in which its Deputies are permitted to shoot persons who are visibly unarmed and who have fired no shots and in which the COUNTY OF LOS ANGELES Sheriff Deputies are not fired or disciplined for such unjustified shootings, thereby condoning this practice of over and over, time and

again shooting unarmed civilians.  This policy of shooting unarmed civilians was a moving force in the shooting of DECEDENT Francisco Garcia on February 24, 2016.

4.      The policies and customs behind shootings of unarmed civilians such as Francisco Garcia are fundamentally unconstitutional and constitute a menace of major proportions to the public.  Accordingly, insofar as Plaintiffs herein seek by means of this civil rights action to hold accountable those responsible for the killing of Francisco Garcia and to challenge the County's unconstitutional policies and practices, this civil rights action is firmly in the public interest.

## **PARTIES**

5.      At all relevant times, Francisco Garcia (hereinafter, sometimes referred to herein as "DECEDENT") was an individual residing in the County of Los Angeles, California.

6.      Plaintiff A.G. is a minor individual residing in the COUNTY OF LOS ANGELES and is the natural born child of DECEDENT.  Plaintiff A.G. sues by and through her Guardian Ad Litem and natural mother, Laren Turner, both in her individual capacity as the child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT and THE ESTATE OF FRANCISCO GARCIA pursuant to California C.C.P. Section 377.32.  Plaintiff A.G. is an "heir at law" (C.C.P. Section 373.60, wrongful death) and a "successor-in-interest" (C.C.P. Section 377.30, survival) to DECEDENT Francisco Garcia.  Plaintiff A.G. seeks both wrongful death and survival damages under federal and state law.  Plaintiff A.G. seeks all damages available under federal and state law including under C.C.P. Section 373.60 (wrongful death); C.C.P. Section 373.30 (survival) and under federal law for wrongful death and survival.  The damages sought by Plaintiff A.G. for the death of her Father, Francisco Garcia, include for loss of DECEDENT's love, companionship, comfort, care, assistance, protection, affection, society, moral

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

support; loss of financial support and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with DECEDENT, including loss of society and companionship and the mental, physical and emotional pain and suffering of DECEDENT and all other damages allowed under federal and state law.  Plaintiff the ESTATE OF FRANCISCO GARCIA appears through its successor-in-interest, the Plaintiff A.G., a minor, through her Guardian Ad Litem and natural mother, Laren Turner, named herein.

7.     Plaintiff MERARDO GARCIA MEDINA is an individual residing in the COUNTY OF LOS ANGELES and is the father of DECEDENT.  MERARDO GARCIA MEDINA sues in his individual capacity as the father of the DECEDENT.  MERARDO GARCIA MEDINA seeks wrongful death and survival damages under federal law, including for loss of relationship with DECEDENT, including loss of society and companionship and the mental, physical and emotional pain and suffering of DECEDENT and all other damages allowed under federal law.

8.     Plaintiff MARIA LUZ RUIZ is an individual residing in the COUNTY OF LOS ANGELES and is the mother of DECEDENT. MARIA LUZ RUIZ sues in her individual capacity as the mother of the DECEDENT. MARIA LUZ RUIZ also seeks wrongful death and survival damages under federal law, including for loss of relationship with DECEDENT, including loss of society and companionship and the mental, physical and emotional pain and suffering of DECEDENT and all other damages allowed under federal law.

9.     Defendant COUNTY OF LOS ANGELES (hereinafter, sometimes referred to as "COUNTY" or "COLA") is a public entity whose deputies operate under color of law or authority, in their individual and representative capacities and in the course and scope of their employment with the capacity to sue and be sued. Defendant COUNTY is responsible for the actions, omissions, policies, procedures,

practices and customs of its various agents and agencies.  At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its employees complied with the laws and the Constitutions of the United States and the State of California.  Defendant COUNTY employs persons including through Departments that include the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (hereinafter, sometimes referred to as "LASD").

10.     Defendant Deputy LUKE LIU is a COUNTY deputy sheriff working for COLA and LASD.  On February 24, 2016, Defendant Deputy LUKE LIU, in his individual capacity, acting under color of law and in the course and scope of his employment with COLA shot and killed decedent.

11.     At all relevant times, defendant Deputy LUKE LIU, and DOES 2 THROUGH 10 were employees of the LASD.  At all times relevant herein, defendant Deputy LUKE LIU and each of the defendants DOES 2 THROUGH 10 was an employee and/or agent of defendant COUNTY and he or him acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant COUNTY and the LASD, as well as under the color of the statutes and regulations of the State of California.

12.     At all relevant times, defendant Deputy LUKE LIU, and each of the Defendant's DOES 2 THROUGH 10 was acting within his or her capacity as an employee, agent, representative and/or servant of COUNTY.

13.     Defendants Deputy LUKE LIU and DOES 1 THROUGH 10 are sued in their individual capacities for damages only.

14.     On information and belief, at all relevant times, Defendants COUNTY, Deputy LUKE LIU and DOES 2 THROUGH 10, inclusive, were residents of County of Los Angeles, California.  Defendant LUKE LIU is sued herein in his individual and/or representative capacity and/or in his capacity as the employee and agent of Defendant COUNTY.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

15.    At all relevant times, Deputy LUKE LIU and DOES 2 THROUGH 10,
inclusive, were duly authorized employees and agents of COUNTY, who were
acting under color of law within the course and scope of their individual and/or
representative capacities and respective duties as deputies and law enforcement
agents and with the complete authority and ratification of their principal, Defendant
COUNTY.

16.    At all relevant times, Defendants Deputy LUKE LIU and DOES 2
THROUGH 10, inclusive, were duly appointed officers and/or employees or agents
of COUNTY, subject to oversight and supervision by COUNTY's elected and non-
elected officials.

17.    In doing the acts and failing and omitting to act as hereinafter described,
defendants Deputy LUKE LIU and DOES 2 THROUGH 10 were acting on the
implied and actual permission and consent of COUNTY.

18.    The true names of defendants DOES 2 THROUGH 10, inclusive, are
unknown to Plaintiffs, who therefore sues these defendants by such fictitious
names.  Plaintiffs will seek leave to amend this complaint to show the true names
and capacities of these defendants when they have been ascertained.  Each of the
fictitious named defendants is responsible in some manner for the conduct and
liabilities alleged herein.

19.    Each of the Defendants caused and is responsible for the unlawful conduct
and resulting, by, inter alia, personally participating in the conduct, or acting jointly
and in concert with others who did so; by authorizing, acquiescing or failing to take
action to prevent the unlawful conduct; by promulgating policies and procedures
pursuant to which the unlawful conduct occurred; by failing and refusing, with
deliberate indifference to Plaintiffs and decedent's rights, to initiate and maintain
adequate supervision and/or training; and, by ratifying the unlawful conduct that
occurred by agents and peace officers under their direction and control.  Whenever
and wherever reference is made in this Complaint to any act by a Defendant, such

allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, joint, and severally.  They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein.  Plaintiffs will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained.  Each of Defendants is the agent of the other and the actions of each of the Defendants were ratified by the other Defendants.

## JURISDICTION AND VENUE

20.     This civil action is brought for the redress of alleged depravations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendment of the United States Constitution, and the California Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

21.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because defendants reside in, and in all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, California.  Each Plaintiff herein timely and properly filed tort claims pursuant to Cal. Gov. Code § 910 et seq., and this action is timely filed within all applicable statutes of limitations.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

22.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 21 of this Complaint with same force and effect as if fully set forth herein.

23.     Decedent was born on December 27, 1989, and he was 26 years old at the time of his death.

24.     On the evening of February 24, 2016, DECEDENT was pumping gas at the 7/11 store near Studebaker and Alondra in the city of Norwalk, California. DECEDENT got into the car he was driving, sitting in the driver's seat.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

25.     Defendant Deputy LUKE LIU, in his individual and/or representative capacity, acting under color of law and in the course and scope of his employment with COLA entered the gas station in a COLA patrol vehicle and parked behind the DECEDENT.    DECEDENT began to pull away to exit the gas station while seated in the car he was driving.  DECEDENT Francisco Garcia was unarmed.

26.     Without issuing any warning that shots were going to be fired, and in violation of COLA policy, Defendant Deputy LUKE LIU fired his gun at DECEDENT (who was an occupant of a vehicle) killing DECEDENT Francisco Garcia.

27.     Decedent sustained injuries, pain, and suffering, and death when he was shot by Defendant Deputy LUKE LIU who was acting under color of law, in his individual and official capacities and as an employee of COLA/LASD.  The DECEDENT was unarmed and at the time of the shooting posed no imminent threat of death or serious bodily injury to any person and the force that was used by Defendant Deputy LUKE LIU was unreasonable, excessive deadly force.

28.     Upon information and belief, at the time he was shot, DECEDENT was not in possession of a weapon.  Moreover, DECEDENT was leaving the scene of the incident.  There was no crime in progress.  DECEDENT posed no imminent threat of death or serious bodily injury to Defendant Deputy LUKE LIU, or any other sheriff deputy.

29.     Defendant Deputy LUKE LIU did not warn decedent that he was about to shoot decedent.

30.     Upon information and belief, after being shot, decedent collapsed in his car rendering the car inoperable.  Decedent was immobile and bleeding profusely and in obvious critical need of immediate emergency care and treatment.  Instead of immediately providing or facilitating emergency care and treatment, decedent's need for immediate medical care was ignored.  Defendant's Deputy LUKE LIU and DOES 2 THROUGH 10, inclusive did not timely summon medical care or permit

PLAINTIFFS' COMPLAINT FOR DAMAGES

1  medical personnel to treat decedent.  The delay of medical care to decedent caused
2  decedent extreme physical and emotional pain and suffering, and was a contributing
3  cause of decedent's death.

4  31.    Upon information and belief, Defendants Deputy LUKE LIU and DOES 2
5  THROUGH 10, inclusive, participated in the attempted cover-up of this shooting.

6  32.    Prior to and at the time of the shooting, decedent was unarmed and posed no
7  imminent threat of death or serious physical injury to Defendant Deputy LUKE
8  LIU or any other person.  The use of deadly force was excessive and objectively
9  unreasonable under the circumstances.  Within six months of the Incident, Plaintiffs
10  timely and appropriately presented and filed Government Claims on August 2, 2016
11  with the Defendants in this action.  The Government Claims were rejected on
12  September 12, 2016 and the filing of this action, as to the State Claims for Relief,
13  within six months of the rejection, is timely filed.  Additionally, the Federal Claims
14  for Relief are also timely filed within two years of the Incident.

15  **FIRST CLAIM FOR RELIEF**
16  **For Unreasonable Search and**
    **Seizure— Unreasonable and/or Excessive Force and Denial of Medical Care**
17  **(42 U.S.C. § 1983);**
18  **(By Plaintiffs MINOR AG, individually, and as successor in interest to**
    **DECEDENT FRANCISCO GARCIA, by and Through her Guardian Ad**
19  **Litem, LAREN TURNER; and THE ESTATE OF FRANCISCO GARCIA,**
20  **Against Defendant Deputy LUKE LIU and DOES 2 THROUGH 10, inclusive)**

21  33.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1
22  through 32 of this Complaint with the same force and effect as if fully set forth
23  herein.

24  34.    The unjustified shooting of DECEDENT by Deputy LUKE LIU and other
25  unknown DOE defendants deprived DECEDENT of his right to be secure in his
26  person against unreasonable searches and seizures as guaranteed to DECEDENT
27  under the Fourth Amendment to the United States Constitution and applied to state
28  actors by the Fourteenth Amendment.  On February 24, 2016, Defendant LUKE

9

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

LIU and DOES 2-10, acting in their individual and/or representative capacities, in the course and scope of their employment with Defendant COUNTY (LASD), acting under color of law, used unreasonable and excessive deadly force and violated the Constitutional Rights of DECENDENT Noel Aguilar, when they shot and killed DECENDENT at the 7/11 store near Studebaker and Alondra in the city of Norwalk, California.  DECEDENT did not represent an imminent threat of death or serious bodily injury and the deadly force used by Defendant LUKE LIU and DOES 2-10 was objectively unreasonable force that proximately caused the death of DECEDENT in violation of 42 U.S.C. Section 1983.

35.     By virtue of their misconduct, defendants Deputy LUKE LIU and DOES 2 THROUGH 10, inclusive are liable for DECEDENT's injuries, either because these defendants were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

36.     Defendants Deputy LUKE LIU and DOES 2 THROUGH 10, inclusive knew that failure to provide timely medical treatment to decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but nevertheless disregarded his serious medical needs, causing him great bodily harm, physical and emotional pain and suffering, and death.

37.     This use of deadly force was excessive and objectively unreasonable under the circumstances.  Defendant's actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

38.     As a direct and proximate result of the actions of Defendants, Plaintiff A.G. suffered the loss of her Father, DECEDENT Francisco Garcia, including damages for the loss of DECEDENT's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship

10

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1   with DECEDENT, including loss of society and companionship and the mental,

2   physical and emotional pain and suffering of DECEDENT and all other damages

3   allowed under federal and state law.  Plaintiff A.G., by this action, further claims all

4   of Plaintiffs' attorneys' fees and costs incurred and to be incurred in Plaintiffs

5   presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

6   39.    The conduct of Defendants Deputy LUKE LIU and DOES 2 THROUGH 10,

7   inclusive was willful, wanton, malicious, and done with reckless disregard for the

8   rights and safety of DECEDENT and therefore warrants the imposition of

9   exemplary and punitive damages as to Defendants Deputy LUKE LIU and DOES 2

10  THROUGH 10, inclusive.

11  **SECOND CLAIM FOR RELIEF**
    **For violation of Substantive Due Process (42 U.S.C. § 1983);**

12  **(By All Plaintiffs Against Defendant Deputy LUKE LIU**
    **and DOES 2 THROUGH 10, inclusive)**

13

14  40.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

15  through 39 of this Complaint with the same force and effect as if fully set forth

16  herein.

17  41.    Plaintiff Minor A.G., as the daughter of DECEDENT Francisco Garcia, had a

18  cognizable interest under the Due Process Clause of the Fourteenth Amendment of

19  the United States Constitution to be free from state actions that deprive them life,

20  liberty, or property in such a manner as to be deliberately indifferent to the

21  constitutional rights of the DECEDENT, including but not limited to unwarranted

22  state interference in Plaintiff's familial relationship with her father, DECEDENT

23  Francisco Garcia.

24  42.    Plaintiffs MERARDO GARCIA MEDINA and MARIA LUZ RUIZ, as the

25  parents of DECEDENT Francisco Garcia, had a cognizable interest under the Due

26  Process Clause of the Fourteenth Amendment of the United States Constitution to

27  be free from state actions that deprive them life, liberty, or property in such a

28

manner as to be deliberately indifferent to the constitutional rights of the DECEDENT, including but not limited to unwarranted state interference in Plaintiff's familial relationship with their son, DECEDENT Francisco Garcia.

43.    DECEDENT Francisco Garcia had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that would deprive him of life, liberty, or property in such a manner as to be deliberately indifferent to the constitutional rights of the DECEDENT.

44.    The aforementioned actions of Defendant Deputy LUKE LIU and DOES 2 THROUGH 10, along with other undiscovered conduct, were deliberately indifferent to the constitutional rights of the DECEDENT and Plaintiffs A.G., MERARDO GARCIA MEDINA and MARIA LUZ RUIZ, in that said Defendants had time to deliberate and then used deadly force that shocks the conscience in violation of the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective in violation of 42 U.S.C. Section 1983.

45.    Defendant Deputy LUKE LIU and DOES 2 THROUGH 10 thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

46.    As a direct and proximate cause of the acts of Defendant Deputy LUKE LIU and DOES 2 THROUGH 10, DECEDENT experienced severe pain and suffering and lost his life and earning capacity.  Plaintiffs suffered extreme and severe mental anguish and plain and have been injured in mind and body.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and loss of financial support.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

47.    Plaintiffs A.G., MERARDO MEDINA GARCIA, and MARIA LUZ RUIZ bring this claim in each case individually, and in each case, seek death damages for the violation of their constitutional rights to a familial relationship with DECEDENT.  Plaintiffs A.G, MERARDO MEDINA GARCIA, and MARIA LUZ RUIZ by this action further claim all of Plaintiffs' attorneys' fees and costs incurred and to be incurred in Plaintiffs presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

48.    The conduct of Deputy LUKE LIU and DOES 2 THROUGH 10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants Deputy LUKE LIU and DOES 2 THROUGH 10.

### THIRD CLAIM FOR RELIEF
**For Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983);**
**(By All Plaintiffs Against COUNTY and DOES 2 THROUGH 10)**

49.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

50.    On information and belief, Defendants Deputy LUKE LIU and DOES 2 THROUGH 5 unjustified shooting of DECEDENT was found to be within COLA/LASD policy.

51.    On information and belief, Defendants Deputy LUKE LIU and DOES 2 THROUGH 5 unjustified shooting of DECEDENT was ratified by COLA/LASD supervisorial officers.

52.    On information and belief, Defendants Deputy LUKE LIU and DOES 2 THROUGH 5 were not disciplined for the unjustified shooting of DECEDENT.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

53.    On and for some time prior to February 24, 2016 (and continuing to the present date), Defendants COUNTY and DOES 6-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as police officers and other personnel, including DOE OFFICERS, whom Defendants COUNTY and DOES 6-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written LASD policies, including the use of excessive force;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY Police OFFICERS and other personnel, including Defendants Deputy LUKE LIU and DOES 2 through 10, whom Defendants COUNTY and DOES 6-10 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants Deputy LUKE LIU and DOES 2 THROUGH 5, who are DEPUTIES and/or agents of COUNTY;

(d) By failing to discipline COUNTY DEPUTIES' and/or agents' conduct, including but not limited to, unlawful detention and excessive force;

(e) By ratifying the intentional misconduct of Deputy LUKE LIU and DOES 2 THROUGH 5, and other COUNTY DEPUTIES and/ or agents, who are COUNTY DEPUTIES and/or agents of COUNTY;

(f) By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Defendants COUNTY and DOES 6-10 were maintained with a deliberate indifference to individuals' safety and rights; and

(g) By failing to properly investigate claims of unlawful detention and excessive force by COUNTY DEPUTIES.

54.    By reason of the aforementioned policies and practices of Defendants COUNTY and DOES 6-10, DECEDENT was severely injured and subjected to pain and suffering and lost his life.  The aforementioned policies and practices of Defendants, including the custom, policy and practice of Defendant COUNTY in allowing its Deputies to use unjustified, excessive and unreasonable deadly force in shooting unarmed persons who had fired no shots with no punishment for the involved Deputies was a moving force that caused Defendants LUKE LIU and DOES 2 through 10 to use unreasonable deadly force on DECEDENT (who was also unarmed and fired no shots).

55.    Defendants COUNTY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

56.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 6-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and

Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

57.     The actions of each of Defendants DOES 6-10 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 6-10.

58.     By reason of the aforementioned acts and omissions of Defendants COUNTY and DOES 6-10, Plaintiffs were caused to incur funeral and related burial expenses, and loss of financial support.

59.     By reason of the aforementioned acts and omissions of Defendants COUNTY and DOES 6-10, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

60.     Accordingly, Defendants COUNTY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

61.     Plaintiffs seek both wrongful death damages and survival damages under this claim.  Plaintiffs A.G, MERARDO MEDINA GARCIA, and MARIA LUZ RUIZ by this action further claim all of Plaintiffs' attorneys' fees and costs incurred and to be incurred in Plaintiffs presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

///
///
///
///
///
///
///

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

## FOURTH CLAIM FOR RELIEF

**For Battery (Cal. Govt. Code §820 and California Common Law); (Wrongful Death) (By Plaintiffs MINOR AG, individually, and as successor in interest to DECEDENT FRANCISCO GARCIA, by and Through her Guardian Ad Litem, LAREN TURNER; and THE ESTATE OF FRANCISCO GARCIA, Against Defendants Deputy LUKE LIU)**

62.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 61 of this Complaint with the same force and effect as if fully set forth herein.

63.    Defendant Deputy LUKE LIU, while working as a deputy sheriff for the COUNTY, and acting within the course and scope of her duties, intentionally shot DECEDENT.  As a result of these actions, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity.  Defendant Deputy LUKE LIU had no legal justification for using force against DECEDENT and the use of force was excessive and unreasonable.

64.    As a direct and proximate result of the actions of Defendants, Plaintiff A.G. suffered the loss of her Father, DECEDENT Francisco Garcia, including damages for the loss of DECEDENT's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with DECEDENT, including loss of society and companionship and all other damages allowed under state law.

65.    Defendants DOES 6-10, inclusive, are directly liable and responsible for the acts of Defendant Deputy LUKE LIU because DOES 6-10, inclusive, failed to adequately train, discipline, supervise, or in any other way control Defendant Deputy LUKE LIU in the exercise of his unlawful use of excessive and lethal force.

66.    The COUNTY is vicariously liable for the wrongful acts of Defendants Deputy LUKE LIU and DOES 6-10 pursuant to section 815.2(a) of the California

Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

67. The conduct of Defendant Deputy LUKE LIU and DOES 6-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff A.G. and DECEDENT, entitling Plaintiff A.G., in each case individually and as a successor-in-interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants Deputy LUKE LIU and Defendants DOES 6-10.

### FIFTH CLAIM FOR RELIEF
**For Negligence, Including Negligent Hiring, Retention, Training and Supervision (Cal. Govt. Code § 820 and California Common Law) (Wrongful Death) (By Plaintiffs MINOR AG, individually, and as successor in interest to DECEDENT FRANCISCO GARCIA, by and Through her Guardian Ad Litem, LAREN TURNER; and THE ESTATE OF FRANCISCO GARCIA, Against Defendant Deputy LUKE LIU and DOES 2 THROUGH 10)**

68. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 67 of this Complaint with the same force and effect as if fully set forth herein.

69. The actions and inactions of Defendants, including the actions of Defendant LUKE LIU and Does 2 through 10, were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

(b) the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c) the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(d) the failure to provide prompt medical care to DECEDENT;

(e) the failure to properly train and supervise employees, both professional and non-professional, including Defendant Deputy LUKE LIU AND DOES 2-10, including, but not limited to the failure to train to follow the COUNTY OF LOS ANGELES Sheriff Department Manual of Policies and Procedures;

(f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g) the violation of Defendant COUNTY OF LOS ANGELES Sheriff Department Manual of Policies and Procedures regarding use of force, including, but not limited to, Defendant Deputy LUKE LIU's AND DOES 2-10's violation of COUNTY OF LOS ANGELES Sheriff Department Manual of Policies and Procedures Section 3-1-/220.00 "Use of Firearms Against Vehicle and/or Occupants of Vehicles" and violation of other portions of the Manual and tactics;

70.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs also are claiming funeral and burial expenses and a loss of financial support.

71.    The COUNTY is vicariously liable for the wrongful acts of Defendants Deputy LUKE LIU And DOES 2-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

72.     The conduct of Defendants Deputy LUKE LIU and DOES 2-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages as to individual Defendants Deputy LUKE LIU and DOES 2-10.

73.     Plaintiffs A.G. brings her claim in each case, individually as an heir at law of DECEDENT in wrongful death and as successor-in-interest to the DECEDENT and to THE ESTATE OF FRANCISCO GARCIA, and in each case, seek both survival and wrongful death damages for the violation of DECEDENT's rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against Defendants as follows:

A.  For compensatory damages, for wrongful death including damages for the loss of DECEDENT's life-long love, companionship, comfort, care, assistance, protection, affection, society; moral support; and the loss of relationship with DECEDENT, including loss of society, familial relationship and companionship in an amount according to proof at the time of trial;

B.  For compensatory damages, for Survival for the mental, physical and emotional pain and suffering of DECEDENT in an amount according to proof at the time of trial;

C. For loss of financial support, sustenance and earning capacity in an amount according to proof at the time of trial;

D. For loss of gifts and benefits in an amount according to proof at the time of trial;

E. For loss of the reasonable value of household services in an amount according to proof at the time of trial;

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1        F. For punitive damages against the individual defendants in an amount to be

2        proven at trial;

3        G. For interest;

4        H. For reasonable costs of this suit and attorneys' fees, including pursuant to

5        42 U.S.C. § 1988;

6        I.  For all other damages allowed under federal and state law and;

7        J. For such further other relief as the Court may deem just, proper, and

8        appropriate.

9

10  Respectfully Submitted,

11  Dated:  January 27, 2017               GUIZAR, HENDERSON & CARRAZCO

12

13                                /S/ Humberto Guizar

14                  By  _____
       HUMBERTO GUIZAR

15                        ATTORNEY FOR PLAINTIFFS
       A.G, individually and as successor in
       interest to THE ESTATE OF

16                        FRANCISCO GARCIA, by and
       through her Guardian Ad Litem

17                        LAREN TURNER, MERARDO
       GARCIA MEDINA, and MARIA

18                        LUZ RUIZ

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1

## **DEMAND FOR JURY TRIAL**

2  Plaintiffs hereby demand a trial by jury.

3

Dated: January 27, 2016          Respectfully Submitted,

4

5          By:_____/S/_____
          HUMBERTO GUIZAR

6          Attorney for Plaintiffs,
          A.G, individually and as

7          successor in interest to THE ESTATE OF
          FRANCISCO GARCIA, by and through her

8          Guardian Ad Litem LAREN TURNER,
          MERARDO GARCIA MEDINA, and

9          MARIA LUZ RUIZ

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22

**PLAINTIFFS' COMPLAINT FOR DAMAGES**